**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The State of Arizona ex rel. Terry Goddard, the Attorney General, and the Civil Rights Division of the Arizona Department of Law,<br><br>  Plaintiffs,<br><br>and Shelly Reyes, a single woman,<br><br>  Intervenor-Plaintiff,<br><br>vs.<br><br>Frito-Lay, Inc., a Delaware Corporation and Frito-Lay North America, Inc., a Delaware Corporation,<br><br>  Defendants. | No. CV 10-1450-PHX-GMS<br><br>**ORDER** |

Pending before this Court are Plaintiff's Motion For Reconsideration (Doc. 91) of the Court's March 7, 2011 Order (Doc. 83) and Plaintiff's Motion To Stay (Doc. 90). For the reasons stated below, the Motion for Reconsideration is denied and the Motion to Stay is denied in part and granted in part.

**I. Motion for Reconsideration**

**A. Legal Standard**

A motion for reconsideration is meant to correct "manifest error" or to present "new facts or legal authority that could not have been brought to [the Court's] attention earlier with

1  reasonable diligence." Local R. Civ. P. 7.2(g). The granting of a motion for reconsideration
2  "is an extraordinary remedy which should be used sparingly." 11 C. WRIGHT & A. MILLER,
3  FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Such a motion "'may not be
4  used to relitigate old matters, or to raise argument or present evidence that could have been
5  raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5
6  (2008) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1). "A
7  motion for reconsideration should not be used to ask a court 'to rethink what the court had
8  already thought through – rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909
9  F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing,*
10 *Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues
11 it considered should be directed to the court of appeals." *Id.* (citing *Refrigeration Sales Co.*
12 *v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

**B. Analysis**

The Plaintiff raises no argument in its motion for reconsideration that it could not, and in fact did not essentially raise earlier. Instead, Plaintiff asserts that the Court committed manifest error.

In its original Motion for Protective Order the Plaintiff took the position that none of its lawyers who worked on the reasonable cause determination, including the lawyer who signed it, Melanie V. Pate, could be deposed about her authorship of the reasonable cause determination or any other matter relevant to the case, due to the attorney-client privilege. (Doc. 46). It coupled this argument with one asserting that even the non-attorney investigator could not be deposed due to the existence of the deliberative process privilege (Doc. 47), even though, as the Plaintiff admitted, state courts have generally rejected the existence of any deliberative process privilege in Arizona state agencies. *See* Doc. 77 at 10; *Rigel Corp. v. Arizona,* 225 Ariz. 65, 234 P.3d 633 (Ct. App. 2010).

Because the State's position would have apparently frustrated the Defendants' ability to take any depositions concerning the preparation of the reasonable cause determination, the Court advised the parties in advance of oral argument that it would require them to take a

1 position as to three questions. (Doc. 66). The first involved whether the *Warner* factors 2 necessary to the application of the deliberative process privilege applicable in federal court 3 had been met. *Federal Trade Comm'n v. Warner Commc'ns, Inc.,* 742 F.2d 1156, 1161 (9th 4 Cir. 1984). The second was whether the evaluation of whether an investigation provides 5 "reasonable cause" to believe that discrimination occurred constituted a legal matter about 6 which the ACRD may seek the advice of counsel. The third was whether Ms. Pate was 7 acting as a lawyer when she signed the reasonable cause determination.

8 At oral argument, counsel for the ACRD asserted both that Ms. Pate signed the 9 reasonable cause determination in her capacity as a lawyer, and that it contained the legal 10 conclusions of the Division. (Doc. 77 at 13–14). The Court directly confronted counsel with 11 the consequence of her position, which was that the ACRD, by having its reasonable cause 12 determination drafted by an attorney in her capacity as such, and acknowledging that the 13 document contained legal conclusions, was waiving any attorney-client privilege in the 14 document. Counsel nevertheless did not alter the ACRD's position. (Doc. 77 at 43–44).

15 Rather than backing off the assertion, the ACRD takes the position that the reasonable 16 cause determination is more akin to a complaint, or a motion for summary judgment filed by 17 an attorney. The ACRD suggests that just as a filing of a complaint or a motion signed by 18 a party's attorney does not result in the waiver of the attorney-client privilege, neither should 19 the introduction into evidence of the reasonable cause determination signed by the ACRD's 20 lawyer. Of course, while both a complaint and a motion provide the Court with a party's 21 factual and legal assertions, neither is designed to reveal the actual legal conclusions of a 22 party's attorney and only in unusual circumstances is either admissible as substantive 23 evidence for purposes of establishing an element of the underlying claim. Further, when one 24 party files a complaint or a motion, the other party gets to file an answer and/or a response 25 and/or its own motion. Furthermore, both parties have access to normal discovery 26 procedures in evaluating the allegations and arguments contained in the other side's 27 pleadings and motions.

28 By distinction, here, only the ACRD has the right to prepare a reasonable cause

- 3 -

determination, and, when it does, the determination is admissible for all purposes.[1] Thus, the other side has no ability to put before the court a document of equal authority containing its conclusion as to whether reasonable cause exists. It is only giving the Defendants the process they are due to permit them to engage in discovery by which they can demonstrate to the jury why it should conclude that the ACRD's conclusions are wrong. Presumably then, in the normal course of discovery, they should be allowed to depose the author of the document. When the author of such a determination is the ACRD's attorney, the document contains legal conclusions, and the author signed it in her capacity as the ACRD's attorney, there has been a waiver of the attorney-client privilege in the subject matter contained in the document, if such a privilege ever existed. Of course when the author of the document is not an attorney, the waiver issue is not presented merely by a defendant's desire to take the author's deposition.[2] Accordingly, the Court is unpersuaded by Plaintiff's claim that allowing the privilege would not deny Frito-Lay access to information "vital" to its defense. *See also* Doc. 83 at 15.

The ACRD asserts that its lawyers cannot be deposed due to attorney-client privilege, but at same time also indicates that disclosure of non-privileged material does not constitute waiver of the privilege even if the document contains legal conclusions. Plaintiffs cannot have it both ways. It is irrelevant that the reasonable cause determination was based upon a non-privileged file of information obtained during the investigation where the ACRD maintains that the determination contains the legal conclusions of the Division as it pertains to that information. In any case, the above argument is not new. It was raised by the ACRD prior to the Court's ruling. Therefore, it provides no basis for this Court to reconsider its order.

---

[1] The fact that Intervenor-Plaintiff Reyes is not the ACRD's client is immaterial for purposes of the waiver of privilege analysis where Plaintiffs have reserved the right to introduce the Cause Finding.

[2] At oral argument the Court confirmed that, unlike the ACRD, the EEOC's reasonable cause determinations are signed by the director of the local EEOC office who is not a lawyer.

- 4 -

Second, in its Motion the ACRD further challenges this Court's use of *Hernandez v. Tanninen,* 604 F.3d 1095 (9th Cir. 2010) and Federal Rule of Evidence 502(a) for determining the scope of the waiver. Neither of these arguments are well-taken. And, had it wished to do so, the ACRD could have made arguments about the scope of any waiver in its briefing on these topics.[3]

*Hernandez* stands for the proposition that once the attorney-client privilege has been waived, the waiver is limited to those communications that pertain to the subject matter of the waived communication. The ACRD apparently does not challenge the applicability of *Hernandez,* so much as it attempts to re-characterize what the Court has done as an impermissible blanket waiver under *Hernandez*. The Order of the Court, nevertheless, makes clear that the waiver was not a blanket waiver, and it limited the necessary disclosure to communications concerning the reasonable cause determination. It explicitly indicated that any privilege in related matters, such as litigation strategy or additional complaints filed by the Intervenor as to which a reasonable cause determination had not been made, were not waived. (Doc. 83 at 12). To the extent that the ACRD does challenge the *Hernandez* rule defining the appropriate scope of waiver, it makes no argument that a discernibly different rule is applicable. Thus, this argument provides the Court with no sufficient reason to reconsider its order.

Further, the ACRD argues that because it waived its attorney-client privilege in fulfilling its state administrative functions, its waiver should not amount to a waiver in the federal court. Of course the ACRD could have made this argument previously but did not. And, even were the Court to consider it now, the ACRD does not provide this Court with any

---

[3] Plaintiff asserts that "[b]ecause *Hernandez* and Fed. R. Evid. 502(a) were raised by the Court for the first time in the Order, the State could not have presented these arguments in its pleadings or at oral argument through reasonable diligence." (Doc. 91 at 3). The Court respectfully disagrees with Plaintiff's assertion because Defendants timely raised the waiver of privilege issue in their Response to the ACRD's Motion for Protective Order Re: Deposition of Four Current and Former ACRD Attorneys. (Doc. 57). The Court, in its discretion, is free to rely on authority not explicitly cited by Defendants when issuing its ruling.

1  basis to reconsider. First, the ACRD argues that the provision of Rule 502(c) applies. That
2  rule applies to disclosures of attorney-client privilege material in state proceedings that are
3  not covered by state order concerning waiver. Even assuming that the ACRD's issuance of
4  a reasonable cause determination in itself constitutes such a state proceeding, a proposition
5  that this Court does not decide, the rule would still require the ACRD to establish that Pate's
6  authorship of the reasonable cause determination either (1) did not constitute a "waiver under
7  this rule if it has been made in a Federal proceeding; or (2) is not a waiver under the law of
8  the State where the disclosure occurred." FED. R. EVID. 502(c).

9  In its Motion for Reconsideration, the ACRD makes virtually no attempt to satisfy
10 either prong. Due to the facts of this case, this Court has already ruled that the ACRD
11 waived any attorney-client privilege it has in the reasonable cause determination under
12 federal law. In its Motion for Reconsideration, the ACRD makes no effort to challenge that
13 determination. Nor does the ACRD make any attempt to establish that in these
14 circumstances it has not waived its attorney-client privilege under state law. Indeed, Arizona
15 law provides the contrary. *See State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52, 67, 13
16 P.3d 1169, 1184 (2000) ("[The plaintiff] is not permitted to thrust his . . .knowledge into the
17 litigation as a foundation . . . to sustain his claim . . . while simultaneously retaining the
18 lawyer-client privilege to frustrate proof . . . negating . . . the claim asserted. Such [a] tactic
19 would repudiate the sword-shield maxim." (quoting *Ulibarri v. Superior Ct. in and for Cnty.*
20 *of Coconino*, 184 Ariz. 382, 385, 909 P.2d 449, 453 (Ct. App. 1995))). The only argument
21 the ACRD makes is that "to the extent that the Court relied on the Ninth Circuit's rule of per
22 se admissibility of reasonable cause determinations to find that the State had waived its
23 attorney-client and work product privileges by disclosing the Cause Finding, such reliance
24 is misplaced." (Doc. 91 at 10). Nevertheless, this Court specified in its original order that
25 the waiver was not reliant on the per se admissibility rule. "The waiver of the attorney-client
26 privilege, however, results from the ACRD's public disclosure of its attorney's legal
27 conclusions, not the admissibility of the reasonable cause determination into evidence."
28 (Doc. 83 at 16 n.3).

The ACRD's argument makes no effort to establish that, under state law, the ACRD did not waive any attorney-client privilege it may have had in the reasonable cause determination. As a result, the Motion does not meet the standard required for this Court to reconsider its order.

**II. Motion For Stay**

After consideration, Plaintiff's Motion for Stay is denied in part and granted in part. Pursuant to *Mohawk Indus., Inc. v. Norman Carpenter*, Plaintiff's motion to stay pending appeal is denied. ___ U.S.___, 130 S.Ct. 599 (2009) (holding that disclosure orders adverse to the attorney-client privilege do not qualify for immediate appeal under the collateral order doctrine). Further the Court declines to certify the matter for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Nevertheless, the Court orders a stay of discovery by all parties until April 28, 2011, to allow the ACRD to file a mandamus petition with the Ninth Circuit if it chooses to do so. If the ACRD does not file a petition prior to that date, then discovery will resume on April 29, 2011. The parties will have until **July 15, 2011** to complete discovery and the ACRD will cooperate in providing the witnesses and documents that have been the subject of this instant dispute. Dispositive motions will be filed by **August 18, 2011.**

Should the ACRD file a petition for mandamus with the Ninth Circuit on or prior to April 28, then discovery in this action will remain stayed until the Ninth Circuit either definitively declines to take action on the request or issues a ruling on the merits and revests jurisdiction in the District Court.

**IT IS THEREFORE ORDERED**:

1. **DENYING** Plaintiff's Motion for Reconsideration (Doc. 91); and

2. **DENYING IN PART AND GRANTING IN PART** Plaintiff's Motion for Stay (Doc. 90).

DATED this 7th day of April, 2011.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge